**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 21-CV-20702-KMM

SEBASTIAN RICCIARDI LIMA,
MARTIN RICHARD O'FARRELL,

    Plaintiffs/Counter-Defendants,

v.

INTERMARINE INVESTMENTS, LLC,
INTERRA INVESTMENTS GROUP, LLC

    Defendants/Counter-Plaintiffs.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Defendants' Motion for Sanctions (ECF No. 28). Upon consideration of the Motion, Response, Reply; and the Parties' respective statements of briefing on whether the Court retains jurisdiction in light of the Court's Order to remand the case to state court (ECF Nos. 62, 63), the undersigned hereby **RECOMMENDS** that the Motion for Sanctions be **DENIED** as moot.

Plaintiffs initiated this action against Defendants in state court, seeking to enforce what they characterize as an injunction allegedly issued by the Argentine government; as styled, the complaint sought "injunctive relief pursuant to international letters rogatory" (ECF No. 1-2 at 5). According to Plaintiffs, they rendered legal and other services to Defendants in connection with several real property acquisitions, but were not fully compensated, and thus initiated legal proceedings in Argentina (*id.*). The court in Argentina issued an injunction in favor of Plaintiffs for approximately $4 million (USD) that would preclude Defendants from disposing of over four

properties allegedly owned by Defendants in Miami Dade County, Florida, until the sum of $4 million is paid to Plaintiffs (*id*.). The Argentine court then ordered International Letters Rogatory be issued in favor of Plaintiffs, and Plaintiffs brought suit in Miami-Dade County Circuit Court (*id*. at 6).

Defendants removed the action to the District Court for the Southern District of Florida on the basis of diversity jurisdiction (ECF No. 1) and later filed the instant Motion for Sanctions, claiming that, among other things, Plaintiffs reviewed Defendants' legally privileged documents during an "*ex parte* raid" of the Buenos Aires office of one of Defendants' business managers conducted during the pendency of the action in federal court (ECF No. 28 at 2-3). Defendants argued that the only remedy for this alleged misconduct was for the Court to sanction Plaintiffs by striking their pleadings and dismissing the action altogether under the Court's inherent authority (*id*. at 4). In their Response, Plaintiffs characterize the event at the business manager's office as a "document preservation proceeding" and—noting that Defendants waited two months following the event to bring this Motion for Sanctions—refer to Defendants' motion as a "sham" (ECF No. 37 at 10). Plaintiffs argue they are therefore entitled to an award of costs and fees related to responding to the Motion for Sanctions (*id*.).

Unrelated to the sanctions motion, the Court sought further explanation for the Court's basis to exercise jurisdiction over this case: Plaintiffs' Complaint contained a demand for relief but asserted no cause of action; a basic requirement for this Court to exercise subject matter jurisdiction over the controversy. The Parties were given leave to submit briefing in defense of subject matter jurisdiction or, alternatively, for remand (ECF No. 52). Plaintiffs filed a Motion to Remand the case to state court, claiming that the Complaint invoked the state court's ancillary jurisdiction to issue a temporary preliminary injunction, which is recognized in Florida courts even

though it may not be a distinct cause of action in federal court (ECF No. 56 at 15–18). Defendants claimed in response that the Complaint asserted a cause of action under Florida law, and since the Court had diversity jurisdiction, it could therefore hear the state law claim (ECF No. 57 at 18-20). The Court ultimately remanded the case on the basis that it sought only a remedy—the temporary injunction—but did not allege that an independent right was infringed, and thus the Court did not have subject matter jurisdiction over the action (ECF No. 60 at 4-5). The Court then gave the Parties leave to file briefing as to whether the Court retains subject matter jurisdiction to resolve the Motion for Sanctions (*id*. at 5). The Parties so filed, and this Report and Recommendation follows.

Both Parties recognize that while the absence of subject matter jurisdiction deprives a Court of the ability to adjudicate a case on the merits, the Court is not necessarily deprived of the authority to render a determination as to sanctions where the award would be collateral to the merits. As applied to the instant dispute, Defendants further concede that because the relief they seek in the Motion for Sanctions is dismissal on the merits, this relief is no longer available from this Court, and Defendants represent their intention to re-file their Motion for Sanctions in state court and seek adjudication there (ECF No. 62 at 2-3). Plaintiffs do not take a contrary view or urge the Court to exercise jurisdiction over the present Motion, but simply argue that the Court should deny Defendants' Motion because Defendants' position in their Brief on Jurisdiction constitutes "an abandonment and waiver of its Motion" (ECF No. 63 at 6).

Because the relief Defendants seek in their Motion for Sanctions is no longer sought from this Court, it is the recommendation of the undersigned that the Motion be denied, as moot.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District

of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** on the 10th day of September, 2021, at Miami, Florida.

LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record